# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

YESENIA ALEXANDRA CRUZ,

     Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and COMENITY CAPITAL
BANK,

     Defendants.

Case No.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, YESENIA ALEXANDRA CRUZ (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and COMENITY CAPITAL BANK (hereinafter "Comenity") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

2

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Comenity is a corporation headquartered at 12921 S. Vista Station Boulevard in Draper, Utah 84020 that upon information and belief conducts business in the State of Florida.

20.     Comenity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Comenity furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Comenity, partial account number ending in 6277, as to a credit card (hereinafter "Comenity Account").

23.     On or about April 7, 2022, Plaintiff was scheduled to have cosmetic surgery with CG Cosmetics. The total cost of the surgery was $4,000 which included a non-refundable deposit of $1,000.

24.     In the week prior to the scheduled surgery, Plaintiff cancelled the surgery and requested a refund as to the refundable $3,000.

25.     Plaintiff contacted CG Cosmetics multiple times via email regarding the status of the refund of the refundable $3,000, but the Comenity Account continued to reflect the erroneous balance.

26.    On or about October 2022, the Comenity Account was charged off in the amount of $4,299, despite Plaintiff's numerous efforts to contact CG Cosmetics to obtain a refund of the $3,000.

27.    On or about December 27, 2022, CG Cosmetics processed the $3,000 refund.

28.    On or about November 2, 2024, Plaintiff made a payment to Jefferson Capital totaling $1,299 as to the nonrefundable deposit of $1,000.

29.    On or about November 14, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed the Comenity Account was reported with a status of charge off in the amount of $4,299. This amount included the refunded $3,000 which was processed on December 27, 2022.

30.    On or about November 27, 2024, Plaintiff reported the inaccurate reporting of the Comenity Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 241127-17164297.

31.    In the CFPB report, Plaintiff detailed the fact that the Comenity Account was reporting an inaccurate balance, and she requested an investigation into the inaccurate reporting.

32.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

6

33.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the Comenity Account on her credit report.

34.     On or about December 8, 2024, Plaintiff mailed a detailed dispute letter to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff advised that the Comenity Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. To confirm her identity, Plaintiff included images of her driver's license and Social Security in the letter. Further, Plaintiff provided images of the erroneous reporting, image of an email regarding the refund request, images of the filed CFPB Complaint, and other supporting documents.

35.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1417 7402 27), Experian (9589 0710 5270 1417 7402 58), and Trans Union (9589 0710 5270 1417 7402 34).

36.     On or about January 7, 2025, Plaintiff received dispute results from Trans Union which stated the Comenity Account was updated but continued to report the erroneous charge off balance of $4,299.

37.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

38.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

39.    Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

40.    Despite confirmation of delivery on December 13, 2024, Plaintiff did not receive dispute results in the mail from Equifax.

41.    However, on or about January 15, 2025, Plaintiff obtained an updated copy of her Equifax credit report and upon review, observed the Comenity Account continued to be reported with a status of charge off in the amount of $4,299.

42.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

43.    Equifax never attempted to contact Plaintiff during the alleged investigation.

44.    Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

45.    Despite confirmation of delivery on December 9, 2024, Plaintiff did not receive dispute results in the mail from Experian.

8

46.    However, on or about January 22, 2025, Plaintiff obtained an updated copy of her Experian credit report and upon review, observed the Comenity Account continued to be reported with a status of charge off in the amount of $4,299.

47.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.    Experian never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.    Due to the continued inaccurate reporting, on or about January 27, 2025, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff reiterated that the Comenity Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. To confirm her identity, Plaintiff included images of her driver's license and Social Security in the letter. Further, Plaintiff provided images of the erroneous reporting, images of an email regarding the refund request, images the payment confirmation to Jefferson Capital, images of the filed CFPB Complaint, and other supporting documents.

51.     Plaintiff mailed her second detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6498 9699 12), Experian (9407 1112 0620 6498 9699 81), and Trans Union (9407 1112 0620 6498 9696 77).

52.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs regarding her second detailed dispute letter.

53.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous Comenity Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

54.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

55.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

56.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

## COUNT I
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Negligent)

57.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.    Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

11

60.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

66.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

67.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68.     Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

69.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

71.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

72.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

75.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

14

76.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.     Plaintiff provided Equifax with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

79.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85.    Plaintiff provided Equifax with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

90.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

91.    Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

92.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

93.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

94.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

95.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

19

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

99.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.   Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

101.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

103.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

104.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

110.   Plaintiff provided Experian with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

22

111.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

23

115.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

116.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

117.   Plaintiff provided Experian with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

118.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

122.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.    Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

124.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

125.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

126.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

127.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

131.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

133.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

27

134.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

135.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

136.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

140.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

141.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

142.   Plaintiff provided Trans Union with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

29

143. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

145. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

146. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

30

147.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

148.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

149.   Plaintiff provided Trans Union with the information it needed to confirm the balance of the Comenity tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

150.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

151.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Comenity Capital Bank (Negligent)

153.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

154.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

155.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

156.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account balance was erroneous.

157.   Comenity knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

158.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

159.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

160.    The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

161.    Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual damages against Defendant, COMENITY CAPITAL BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Comenity Capital Bank (Willful)**

162.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

163.    Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

164.    After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

34

failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

165.    Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account balance was erroneous.

166.    Comenity knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

167.    Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

168.    As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

169.    The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

170.    Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY CAPITAL BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YESENIA ALEXANDRA CRUZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and COMENITY CAPITAL BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of January 2025.

Respectfully submitted,

*/s/ Octavio Gomez*

36

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ Jessica C. Berger, Esq.**
Jessica C. Berger, Esq.
Florida Bar No.: 10507738
The Consumer Lawyers PLLC
501 E Kennedy Blvd Ste 610
Tampa FL, 33602
Telephone: 656.227.2532
Facsimile: 844.951.3933
Jessica@theconsumerlawyers.com
*Attorneys for Plaintiff*